**FILED**

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

DEC 1 6 2019

U.S. MAGISTRATE JUDGE
WESTERN DISTRICT OF TEXAS
BY_____
SPECIAL DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. EP:19-m-9978-MAT |
| Paul JARVIS | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 13, 2019__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code, Section 922 (a)(1)(A) | Engaging in the Business without a Federal Firearms Licensee |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature
Lauren Velasquez, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/16/19

_____
Judge's signature

City and state: El Paso, TX

Miguel A. Torres, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

Your affiant, Lauren Velasquez, first being duly sworn, does hereby depose and state as follows:

1. That I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since January 2016. I have received specialized training regarding the investigation and enforcement of Federal Firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities. That I make this statement based on my own investigation, records review, interviews with the suspect, and information provided by other law enforcement officers to your affiant. Because this affidavit is submitted for the limited purpose of securing an arrest warrant, it does not purport to contain everything known to your affiant about this investigation

2. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents and personnel from the ATF and other law enforcement agencies; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another ATF agent, or another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Arrest Warrant, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested warrant should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

3. Your affiant recently initiated an investigation into the activities of Paul JARVIS. This investigation relates to violations of Title 18, United States Code, Section 922(a)(1)(A), Engaging in the Business without a Federal Firearms Licensee.

4. Your affiant knows that pursuant to 18 U.S.C. Section 921(a)(3), that "the term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or Page 2 receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device."

5. Your affiant is aware that is it "unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship,

transport, or receive any firearm in interstate or foreign commerce" pursuant to Title 18 United States Code, Section 922(a)(1)(A).

6. Your affiant knows that pursuant to 18 U.S.C. Section 921(a)(21)(b), "the term "manufacturer" means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution; and the term "licensed manufacturer" means any such person licensed under the provisions of this chapter."

7. Your affiant knows that pursuant to 18 U.S.C. Section 921(a)(21)(b)(21), "The term "engaged in the business" means— A) as applied to a manufacturer of firearms, a person who devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured;"

8. Your affiant knows that pursuant to 18 U.S.C. Section 921(a)(22), "The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: *Provided*, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for criminal purposes.

9. Your affiant knows that an "Unfinished Lower Receiver" (ULR) is a term that defines a firearm part which is partially manufactured and intended to be further manufactured into a lower receiver (firearm) with additional machining. Your affiant is further aware that a ULR does not meet the legal definition of a firearm until it has been rendered functional through further machining. Tool kits and jig kits assist in this process. ULR's, however, are export controlled items under the United States Munitions List and require a license for export from the U.S.

10. Your affiant is aware that ATF Ruling 2010-10 states that when a person performs machining or other manufacturing process on a blank (Unfinished Lower Receiver) to make a firearm "frame or receiver," or on an existing frame or receiver to make it suitable for use as part of a "weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," that person has performed a manufacturing operation. Once the manufacturing processes have occurred and a frame or receiver has been made, however, to require licensing as a manufacturer, a person must still be engaged in the business through the "sale or distribution" of the firearms manufactured.

11. Your affiant is further aware that the ATF Ruling 2010-10 states that "any person (including any corporation or other legal entity) engaged in the business of performing machining, molding, casting, forging, printing (additive manufacturing) or other manufacturing process to create a firearm frame or receiver, or to make a

frame or receiver suitable for use as part of a "weapon ... which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," *i.e.*, a "firearm," must be licensed as a manufacturer under the GCA; identify (mark) any such firearm; and maintain required manufacturer's records."

12. Your affiant knows that "ULR's" are desired because they can be purchased in bulk in the United States without the need for a background check and readily converted into functional firearms. Additionally, your affiant is also aware that because the ULR is not a firearm, it is not subject to any marking requirements and therefore not traceable for law enforcement.

13. Your affiant is aware that prohibited persons and those intending to use firearms for nefarious purposes find it advantageous to acquire firearms from private sellers, those individuals who do not possess a Federal Firearms License and who are not subject to ATF regulations, thereby avoiding the documentation of the transaction on the ATF Form 4473. THE resulting lack of a "paper trail" decreases the ability of law enforcement to establish the possession history of a firearm(s).

14. Your affiant is aware that criminal organizations and individuals, both foreign and domestic, have discovered that firearms available through private sales better avoid law enforcement attention. Additionally, these "private sales" do not require that the criminal purchaser provide any information and often do not require the purchaser to identify themselves in any way. This lack of a paper trail insulates the criminal organization or individual from evidence of their acquisition of firearms.

15. Your affiant is aware that while firearms are legal to possess in the Republic of Mexico, gun laws are far more restrictive than those in the United States. Civilians in the Republic of Mexico are able to possess firearms but possession of certain calibers, deemed for military and law enforcement use, cannot be legally possessed without specific authorization from the government in the Republic of Mexico. These particular firearms are defined as being firearms with calibers .38 Super and larger. No military type firearms such as AR-15 and AK-47 type firearms may be possessed by civilians. Additionally, firearms may be purchased in the Republic of Mexico however all firearms can only be legally purchased from a single distributor under the control of the Secretaria de la Defensa Nacional (SEDENA) which is located in Mexico City. For these reasons, those in the Republic of Mexico wishing to acquire firearms for their own possession or for resale find that these firearms are easier to acquire across the border in the United States. Additionally, firearms which are deemed illegal in the Republic of Mexico are available for purchase in the United States and in many states, to include Texas, there is no limitation on the quantity of these firearms that can be possessed or purchased.

16. The facts in this affidavit come from my personal participation in this investigation, my training and experience and official records and information obtained from other agents and witnesses. This affidavit is intended to show merely there is sufficient

probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

17. On December 13, 2019, ATF S/A's met with Cooperating Defendant, hereinafter referred to as CD, at the El Paso I Field Office. CD was recently arrested with a weapon CD stated CD obtained from JARVIS. CD informed S/A's that CD has purchased firearms from JARVIS for approximately one (1) year. CD stated he was provided the telephone number, (915) 820-4855, and subsequently contacted JARVIS directly. CD informed S/A's that CD has purchased approximately 30 firearms from JARVIS, possibly more. CD stated JARVIS manufactures firearms from his residence. CD stated CD meets JARVIS in locations that CD assumes are close to JARVIS' residence. CD stated JARVIS has provided CD with fully automatic firearms, Glock firearms, AR-type firearms, silencers, magazines, and ammunition. CD stated JARVIS has also removed the silver plate, which contains the serial number on Glock firearms, from the firearm, prior to selling to CD.

18. CD provided ATF S/A's consent to search CD's cell phones. During review of the cell phone, ATF S/A's observed communications from JARVIS in regards to manufacturing and selling firearms, semi automatic and fully automatic. S/A's further observed several videos and photographs of firearms and silencers, which were sent to CD by JARVIS. Furthermore, your affiant observed communications where JARVIS is selling a 9mm fully automatic firearm for $900. Through training and experience, your affiant is aware that most 9mm firearms and parts to convert a firearm from semiautomatic to full automatic, cost less than $900.

19. CD stated CD meets JARVIS at various locations in El Paso, Texas. CD stated JARVIS is aware that firearms purchased by CD are trafficked to Juarez, Mexico. CD stated JARVIS has driven multiple vehicles, to include a black Lexus, a white Chevy Malibu, and a blue F-150.

20. On December 13, 2019, your affiant conducted a record check on the telephone number (915) 820-4855, which resulted in being registered to Paul Jarvis with a listed address of 4521 Capricorn Drive, El Paso, Texas. El Paso Police Department (EPPD) Officer Z. Muela conducted surveillance at the residence located at 4521 Capricorn Drive, El Paso, Texas. EPPD Officer Muela observed a black Lexus, bearing New Mexico plates, a silver Ford Fusion bearing Texas plates, and white Chevrolet Malibu bearing Texas plates.

21. On December 13, 2019, your affiant conducted a Federal Firearms Licensee (FFL) record check on JARVIS, which resulted in negative findings.

22. On December 13, 2019, your affiant conducted a National Firearms Act (NFA) record check on JARVIS, which resulted in negative findings.

23. That in light of the above, your affiant submits that probable cause exists to search the residence of Paul JARVIS for violation of Title 18, United States Code, Section 922(a)(1)(A).

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

_____
Lauren Velasquez
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to me this 6th day of December 2019.

_____
Miguel A. Torres
UNITED STATES MAGISTRATE JUDGE